ROBERT H. FISHER AND OTHERS, APPELLANTS, v. MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENT.

*Order appointing commissioners of assessment — mistake in name of commissioners — Assessment — presumption of payment of.*

By an order of this court, made in 1837, *John* Dusenbury and two others were appointed commissioners of assessment. Subsequently the oath of *Charles* Dusenbury and the two other commissioners was filed, and all subsequent proceedings and reports were signed by Charles Dusenbury and the two other commissioners, no objection appearing to have been made by any of the parties. *Held,* that it would be presumed that Charles Dusenbury was the person intended to be appointed, and that the name of John was inserted in the original order by mistake.

When more than twenty years have elapsed since the imposition of an assessment, a presumption arises that it has been paid. Such presumption is, however, a *prima facie* one merely, and may be repelled by other evidence.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The complaint alleged that the defendants had had in their possession $13,800, an award which had been made to certain owners of property in New York city, these plaintiffs. That the defendants had paid of said award the sum of $11,059.43, leaving $2,740.57 in their hands. The defendant pleaded: first, the six years statute of limitations; second, that the $2,740.57 were retained to pay an assessment theretofore made upon the plaintiffs' lands and due and payable from them. The plaintiffs replied, alleging no knowledge or information sufficient to form a belief as to the proceedings resulting in the said assessment set up in the answer as imposed on their property; and they denied that the said assessment remained due and unpaid to the defendant until the 24th day of April, 1862, or that on the day last mentioned the sum of $2,740.57 was due thereon for principal and interest, from the plaintiffs to these defendants.

The plaintiffs further alleged that the said assessment was illegally imposed, and, soon after the assessment and claim therefor, the amount thereof was paid to the defendants by the ancestor of the plaintiffs and the owner of said premises, one Fisher, now

deceased, and the said assessment was marked paid on the public records of the said defendants; soon after which the said assessment was discovered to be illegal and of no validity, and thereupon the defendants voluntarily returned and refunded the amount so paid to them by the said Fisher, deceased, on said assessment.

*Philip S. Crooke*, for the appellants.

*David J. Dean*, for the respondent.

Davis, P. J. :

When this case was before the court on the former appeal, several questions now raised were disposed of, as appears by the opinion of the court in *Fisher* v. *The Mayor* (3 Hun; 648). The court adheres to the opinion then pronounced. It was not shown on the trial, that any order of the court confirming the report of the commissioners of the assessment in 1837, had ever been made. The admission was only to the effect that after diligent search in the office of the clerk, that order could not be found. We think, however, that the other facts in respect to the proceedings in which the order became a requisite step, were sufficient to uphold the presumption that the order was properly and formally made. The memorandum of the entry of the making of the same, in the official register of the then corporation counsel, tended to corroborate that presumption. We think it was properly admitted in evidence; but if there were doubt on that subject there is still enough to uphold the presumption, in the absence of any proof tending to show that the order was not made, beyond that showing that at this late date it could not be found in the office of the clerk. It appeared that the order appointing the commissioners was granted June 6th, 1835. That order recited the facts in the petition, described the premises, and appointed John Dusenbury and two other persons commissioners. On the tenth of June following, the oath of *Charles* Dusenbury and of the two other commissioners named, was filed. On the same day, the petition was presented to have the rule and order of June sixth so amended as to bring in other lands, which petition was granted on the nineteenth November following. On the 19th of December

1836, proof of publication and notice that the commissioners would present the report for confirmation on December 22d, 1836, and that the same had been filed, was made; proof of publication in the Evening Post and the New York Times, and the additional report of the commissioners was also filed, which corrected their former report as to several entries. On January 4, 1837, the report of Charles Dusenbury and the two other commissioners named was filed, stating the assessment of loss and damage to George Fisher, and also reporting the opinion of the commissioners of the benefit to various lands of part of the plaintiffs, as well as of other persons. These several reports appear to have been signed by Charles Dusenbury as well as by the other commissioners; and no objection appears to have been made that Charles Dusenbury was not in fact the person appointed, or intended to be appointed, by the original order, instead of John Dusenbury. It is fair, therefore, to presume that Charles Dusenbury was the person intended to be appointed, and that the name John was inserted in the original order by mistake; and that the court, in all the various steps and proceedings, as well as the parties in this suit, recognized Charles Dusenbury as one of the commissioners. Besides, it appears by section 188, chapter 89, of the Laws of 1813, that it was competent for two of such commissioners to proceed and perform the duties of the appointment, and the section declares that their acts shall be as valid and effectual as the acts of all of the said commissioners. We think, therefore, that the objection that Charles Dusenbury appears to have acted instead of John Dusenbury, was not well taken.

The assessment of 1837 was not barred by lapse of time. It was a lien upon the premises, which might have been enforced, as in the nature of a mortgage, as was held by this court in the opinion already referred to, and was subject only to a presumption of payment. Such presumption was applied by law prior to the act of 1848, and, as was stated by Bronson, J., in *Henderson* v. *Henderson* (3 Denio, 314), was a *prima facie* presumption which may be repelled. If the plaintiffs were not bound to reply to the answer setting up the lien of the assessment and the right of the city to reserve such lien by retaining the money in question, yet they assumed to reply; and, in doing so, they only alleged payment in a form which, upon their own showing, appears to have been no

payment. (See *Doughty* v. *Hope*, 1 Comst., 79.) Upon the question of fact, whether the presumption of payment, assuming it to have been available to the plaintiffs under the pleadings in this action, was rebutted, there was certainly some evidence for the consideration of the court. First, the proceedings which were taken to collect the assessment, by sale of the assessed premises, under the statute, in 1838; second, the refunding, to Leonard Fisher, on the 14th of May, 1852, of the moneys paid on such sale, on the discovery that the sale was invalid by reason of certain irregularities in making the same, the operation of which was to restore the assessment as an unpaid one in May, 1852 (*Mayor* v. *Colgate*, 12 N. Y., 140); and, third, the delay in prosecuting this action for seven years after it must have been well known to the plaintiffs that the moneys now demanded were retained by the defendants expressly on the ground of their lien on the premises for the assessment of 1837.

It is not necessary to consider the question whether the defendants' plea of the statute of limitations is or is not well taken in this case. For the reasons above assigned, and for those assigned when the case was formerly before us, we think the judgment should be affirmed.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.